United States District Court
Southern District of Texas
**ENTERED**
June 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-68-1 |
| | § | |
| ARMANDO OLMEDO; aka OLMEDO-TREVINO, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY, AND TRANSFERRING MOTION TO THE FIFTH CIRCUIT COURT OF APPEALS**

Defendant Armando Olmedo filed a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 1181. For the reasons stated herein, the Court dismisses Olmedo' motion and denies him a certificate of appealability.

Olmedo was sentenced in 2012 to 120 months in the Bureau of Prisons for conspiracy to harbor unlawful aliens. D.E. 990. Since that time, he filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was ultimately denied after an evidentiary hearing. D.E. 1152, 1153. He sought to appeal the denial of his motion to vacate, but the Fifth Circuit denied a Certificate of Appealability and dismissed his appeal in February 2016. D.E. 1170.

## ANALYSIS

Because Olmedo' present motion was filed after a previous § 2255 motion, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Olmedo's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Olmedo' motion (D.E.1181) is DISMISSED as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Olmedo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Olmedo cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Olmedo' motion (D.E. 1181) is DISMISSED pursuant to Rule 4(b) and he is DENIED a Certificate of Appealability. The Clerk is instructed to transfer Olmedo' motion to the Fifth Circuit Court of Appeals as an unauthorized second or successive motion. *See In re Epps*, 127 F.3d 364, 365 (1997).

SIGNED and ORDERED this 22nd day of June, 2016.

_____
Janis Graham Jack
Senior United States District Judge